IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OLUWADARA JOSHUA OLONADE and BETTY ANN OLONADE,<br><br>　　Plaintiffs,<br><br>v.<br><br>JENNIFER B. HIGGINS, Acting Director of U.S. Citizenship and Immigration Services, and MICAH R. BROWN, Director of Atlanta Field Office of U.S. Citizenship and Immigration Services, in their official capacity,<br><br>　　Defendants. | CIVIL ACTION FILE<br><br>NO. 1:24-CV-5239-MHC |

## ORDER

This case comes before the Court on Defendants Jennifer B. Higgins and Micah R. Brown's Motion to Dismiss for Lack of Jurisdiction ("Defs.' Mot.") [Doc. 7].

## I.　BACKGROUND

Plaintiffs Oluwadara Joshua Olanade ("Plaintiff Stepson") and Betty Ann Olonade ("Plaintiff Petitioner") initiated this action pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq., seeking declaratory and injunctive

relief for Defendants' denial of Plaintiff Petitioner's I-130 Petition for Alien Relative and Plaintiff Stepson's I-485 Application to Register Permanent Residence of Adjust Status. See generally Original Compl. for Declaratory and Injunctive Relief Under the Administrative Procedure Act ("Compl.") [Doc. 1]. Plaintiffs allege that Plaintiff Petitioner initially submitted an I-130 Petition on behalf of her spouse, Oluwafemi Oluwafunmibi Olonade ("Mr. Olonade"), on August 18, 2016. Id. ¶¶ 3, 25. Plaintiff Petitioner and her spouse appeared for an interview, responded to a Request for Evidence, and responded to the Notice of Intent to Deny. Id. ¶¶ 26-28. However, on September 20, 2021, the Plaintiff Petitioner's I-130 Petition was denied by the U.S. Citizenship and Immigration Services ("USCIS"). Id. ¶ 29.

On March 28, 2022, Plaintiff Petitioner filed new I-130 Petitions on behalf of Mr. Olonade and Plaintiff Stepson. Id. ¶ 30. Plaintiff Stepson concurrently filed an I-485 Petition. Id. ¶ 31. Plaintiff Petitioner and Mr. Olonade appeared for an Interview on September 25, 2023. Id. ¶ 32. The USCIS issued a Notice of Intent to Deny the Form I-130 ("NOID") filed on behalf of Mr. Olonade and requested more evidence to "establish [his] eligibility for the classification." Id. ¶ 33. Plaintiff Petitioner provided a response to the NOID on May 14, 2024. Id. ¶ 34. Still, the USCIS denied Plaintiff Petitioner's I-130 Petitions as to both Mr.

2

Olonade and Plaintiff Stepson, finding that "Plaintiff Petitioner had not met her burden of proof in demonstrating that the beneficiary is eligible for the benefit sought." Id. ¶ 35. More specifically, the USCIS found that Mr. Olonade's visa petition was barred by Section 204(c) of the Immigration and Nationality Act, 8 U.S.C. § 1154(c), because Mr. Olonade had previously entered into a marriage to procure an immigration benefit by fraud. Notice of Intent to Deny I-130 Petition on behalf of Oluwafemi Oluwafunmibi Olonade [Doc. 1-4] at 11. The USCIS also denied Plaintiff Stepson's I-485 Application, noting that a valid step relationship cannot exist between Plaintiff Petitioner and Plaintiff Stepson in the absence of a valid marriage between Plaintiff Petitioner and Mr. Olonade. Compl. ¶ 36; see also Notice of Decision as to Plaintiff Petitioner's I-130 Petition on behalf of Oluwadara Joshua Olonade [Doc. 1-1] at 3.

Based on the foregoing, Plaintiffs initiated the instant action, asserting that the decisions to deny Plaintiff Petitioner's I-130 Petition and Plaintiff Stepson's I-485 Petition were arbitrary, capricious, and against the weight of the evidence. Compl. ¶ 44. Plaintiffs also assert that Defendants misapplied the law and used the wrong standard of proof in making the decisions. Id. According to Plaintiffs:

> Defendants contend that [Mr. Olonade] has been barred by section 204(c) of the Immigration and Nationality Act (INA) erroneously concluding that his previous marriage was entered to procure an immigration benefit. However, there was not sufficient evidence in the

3

record to show [Mr. Olonade] had engaged in a fraudulent marriage with his former spouse. In fact, the response to the NOID included an [sic] sworn declaration by the former spouse to the effect that their marriage was in fact bona fide as well as a sworn declaration by her daughter, who had resided with them during their marriage, that the marriage between her mother and Plaintiff step-son's father was *bona fide*. See Ex. 5. However, Defendants completely ignored this evidence and other evidence in the record and made a finding completely contrary to the law based on mere speculation and improperly and unlawfully denied Plaintiff Petitioner's and Plaintiff Stepson's I-130 Petition.

Id. ¶ 45. Accordingly, Plaintiffs seek judicial review of the USCIS's determinations pursuant to 5 U.S.C. § 706(2). Id. ¶¶ 38-40, Prayer for Relief.

## II. LEGAL STANDARD

"It is by now axiomatic that 'Article III of the Constitution limits the "judicial power" of the United States to the resolution of "cases" and "controversies."'" DiMaio v. Democratic Nat. Comm., 520 F.3d 1299, 1301 (11th Cir. 2008) (quoting Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982)). "The doctrine of mootness derives directly from the case-or-controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" Al Najjar v. Ashcroft, 273 F.3d 1330, 1335 (11th Cir. 2001) (quoting Adler v. Duval County Sch. Bd., 112 F.3d 1475, 1477 (11th Cir.1997)). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the

4

outcome." Id. (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). Because mootness is jurisdictional, dismissal is required "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff of appellant meaningful relief." Id.

## III. ANALYSIS

Defendants argue that Plaintiffs' claims are now moot because the USCIS "reopened and then denied Plaintiffs' Form 1-485 Application and the I-130 Petition for Alien Relative. The result is that there is no case or controversy and no meaningful result the Court can now provide." Defs.' Mem. of Law in Supp. of Mot. to Dismiss for Lack of Jurisdiction [Doc. 7 at 3-7]. Specifically, Defendants represent that the USCIS reopened the Application and Petition on March 14, 2025, issued Plaintiffs a NOID, and provided Plaintiffs with an opportunity to respond and submit documentation. Id. at 4.[1] Defendants represent that Plaintiffs did not respond to the NOID, and that Defendants then issued Decisions denying Plaintiffs I-485 Application and I-130 Petition on April 24, 2025. Id. at 4-5.

Defendants, however, appear to misconstrue the relief requested by Plaintiffs in their Complaint. Although Plaintiffs do seek an order "[c]ompelling Defendants to immediately perform their ministerial duty owed to the Plaintiffs and adjudicate

---

[1] The Court refers to the paginations as they appear on CM/ECF.

Plaintiffs' Petition and Application on their merits and according to the law and regulations by which they are bound," Compl. at Prayer for Relief, Plaintiffs assert only two claims for relief in their Complaint: (1) a claim that Defendants violated the APA and that they are entitled Court review the USCIS's decision pursuant to 5 U.S.C. § 706(2); and (2) a claim that Defendants abused their discretion in denying Plaintiffs' I-485 Application and I-130 Petition. Id. ¶¶ 37-59. That the USCIS reopened Plaintiffs' Application and Petition and issued another denial does not render Plaintiffs' request that the Court review the USCIS's Decision moot. In other words, because Plaintiffs allege in the Complaint that Defendants' denials of Plaintiff Petitioner's I-130 Petition and Plaintiff Stepson's I-485 Application were arbitrary and capricious and ask this to review Defendants' denial, Defendants' argument that all of Plaintiffs' claims are moot does not apply. Because Defendants do not seek dismissal of Plaintiffs' Complaint on any other grounds, their Motion to Dismiss is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendants Jennifer B. Higgins and Micah R. Brown's Motion to Dismiss for Lack of Jurisdiction [Doc. 7] is **DENIED**.

**IT IS SO ORDERED** this 23rd day of May, 2025.

_____
MARK H. COHEN
United States District Judge